**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DEMETRIA SULLIVAN, #706369,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **3:05-CV-1262-B** |
| ) | |
| **DALLAS 203RD DISTRICT ATTORNEY,** ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Hobby Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Marlin, Texas. Defendant is the Assistant District Attorney assigned to the 203rd Judicial District Court. The court has not issued process in this case.

Statement of Case: Plaintiff seeks to sue the Assistant District Attorney assigned to the 203rd Judicial District Court for failing to comply with the requisite time limitations in responding to her first state habeas application filed pursuant to art. 11.07, Texas Code of Criminal Procedure. (Handwritten complaint attached to form complaint at 3-4). As a result of

the above failure, Plaintiff was allegedly unable to challenge the deadly weapon finding, which affects her eligibility for parole. (Id. at 13). She acknowledges that her first application was denied by the Court of Criminal Appeals on April 14, 1999, after it had been pending for almost one year. (Id. 3-5). Although Plaintiff filed two subsequent art. 11.07 applications, they were both dismissed as an abuse of the writ. (Id. at 5). Plaintiff requests monetary damages for each year the deadly weapon finding remains a part of her judgment of conviction. (Id. at 13-14).

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. Her complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).

Plaintiff's claim against the Assistant District Attorney are barred by the statute of limitations. Plaintiff bases the instant § 1983 action on events and omissions that occurred during the pendency of her first art. 11.07 application in 1998 and 1999. (See Handwritten complaint attached to form complaint at 3-4). The lengthy delay between the alleged events and

2

omissions and the date of filing of Plaintiff's complaint in this court on June 17, 2005, prompts consideration of the timeliness of this action. "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B). Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir.1993). In such circumstances, courts may also dismiss the claims under § 1915A when it applies. Gonzales v. Wyatt, 157 F.3d 1016, 1019-21 (5th Cir.1998). The Court "may raise the defense of limitations sua sponte." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir.1999).

In Texas, § 1983 actions are governed by the two-year personal injury limitation period. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2005). While state law is used in determining which statute of limitations applies, it is federal law that establishes as the time of accrual the point "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993).

Under the facts presented by Plaintiff, all claims against the Defendant named in the complaint accrued between the filing of the first art. 11.07 application in 1998, and its denial on April 14, 1999. Plaintiff does not allege that as of April 15, 1999, she did not know of the injuries that are the bases for her claim in this action, or that, if not tolled, the limitation period did not begin to run on that date. It is clear, therefore, that the limitation period began to run on April 15, 1999, and expired two years later on April 15, 2001. Therefore, the claims against the Assistant District Attorney are time barred. The court may thus summarily dismiss the

complaint. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir.1993) (holding that court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that the claims asserted are barred by limitations).

Alternatively, the court finds that Defendant is absolutely immune from any claim for monetary damages.  The actions or inactions at issue were taken by the Assistant District Attorney in his/her role as prosecutor.  It is well established that a district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case.  See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).[1]

Plaintiff's complaint fails to allege any cognizable claim for relief against the named defendants under § 1983.  Therefore, the complaint should be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

---

[1] Even assuming Plaintiff's claims were timely and not barred by absolute immunity, they would impugn on the validity of her state conviction for aggravated assault on a peace officer.  Under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), these claims are not cognizable under § 1983 unless Plaintiff's state conviction is reversed, expunged, invalidated or called into question.  A search of the U.S. Party/Case Index reflects Plaintiff's first federal habeas corpus action was dismissed as time barred, Sullivan v. Johnson, 3:99cv2234 (N.D. Tex., Dallas Div., Dec. 28, 1999), and the second one was dismissed as second or successive, Sullivan v. Cockrell, 3:01cv2647 (N.D. Tex., Dallas Div., Jan 14, 2002).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

It is further recommended that Plaintiff's motion for appointment of counsel, filed on June 17, 2005, be denied as moot.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 16th day of August, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.